UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESLIE ATKINS d/b/a
LESLIE ATKINS COMMUNICATIONS,

   Plaintiff,

     v.

BENSON J. FISCHER, *et al.*,

   Defendants.

Civil Action No. 98-800 (CKK)

**MEMORANDUM OPINION**
(October 3, 2007)

     Currently before the Court are the [317] Motion for Sanctions and [318] Motion for Attorneys' Fees filed by Defendant The Fischer Organization, Inc. ("Fischer Organization"), seeking the imposition of attorneys' fees and interest against Karen H. Moore, Esq. and the law firm of Whiteford, Taylor & Preston, L.L.P. ("WTP"), counsel for the Chapter 7 Bankruptcy Trustee Roger Schlossberg (the "Trustee"), pursuant to 28 U.S.C. § 1927. Upon a searching review of the Fischer Organization's Motions, WTP's Opposition, the Fischer Organization's Reply, the entire record herein,[1] and the relevant case law and statutes, the Court shall deny the Fischer Organization's Motions for Sanctions and for Attorneys' Fees.[2]

---

[1] The record herein specifically includes the *Supplemental Decision re Motion for Partial Summary Judgment Regarding the Claims Relating to the Atkins Litigation* issued by United States Bankruptcy Judge S. Martin Teel, Jr., sitting by designation in the United States Bankruptcy Court for the District of Maryland (hereinafter the "Bankruptcy Court"), on April 11, 2006. *In re Benson J. Fischer*, Case No. 03-13704-NA, Adversary Proceeding No. 03-12222 (Bankr. D. Md. Apr. 11, 2006) (hereinafter the "Supplemental Decision").

[2] For ease of reference, the Court will refer to the Motion for Attorneys Fees and Interest Under 28 U.S.C. § 1927 filed by the Fischer Organization in support of both its [317] Motion for Sanctions and [318] Motion for Attorneys Fees as its "Motion for Sanctions".

# I: BACKGROUND

This case has had a long and tumultuous history and has been the subject of numerous opinions and orders of this Court as well as of the D.C. Circuit Court of Appeals.  As such, the Court shall recite herein only those facts that are relevant to the Motions currently before the Court.  Leslie Atkins brought this action in 1998 asserting claims based on a logo and label that she alleged she designed for a product conceived by Defendant Benson J. Fischer ("Fischer") known as "Redneck Beer."  Atkins' Complaint asserted claims against Fischer, The Fischer Organization, which contracted with Atkins to use her designs, and Fischer Brewing, Inc. ("Fischer Brewing"), which manufactured Redneck Beer.

This case was settled in open court on January 27, 2006.  Under the terms of the settlement Erie, the general liability insurance carrier for Fischer Brewing and Fischer as its President, agreed to pay the sum of $20,000 to Richard E. Schimel, Esq., as attorney for the Fischer Organization, for legal fees owed to Attorney Schimel.  Def.'s Reply to Trustee's Resp. to Order to Show Cause (hereinafter "Def.'s Reply") at 10-11.  During the settlement negotiations, counsel for the Trustee asserted that the $20,000 to be paid to Attorney Schimel belonged to Fischer's bankruptcy estate, rather than to Fischer or Attorney Schimel.  Trustee's Resp. to Show Cause Order ("Trustee's Resp.") at 4-5; *see also* Def.'s Reply Ex. F (1/27/06 Tr. of Settlement Conf.) at 14:20-24.  As a result, Erie and the Fischer Organization agreed to place the $20,000 in the Court Registry for the United States District Court for the District of Columbia under Civil Action No. 98-0800 (CKK), pursuant to LCvR 67.1(a)(2).  Def.'s Reply at 11; Ex. F at 14:20-24.

On March 1, 2006, as authorized by the Court during the Settlement Conference in this

matter, Attorney Schimel filed a Show Cause Order requesting that the Trustee "show cause . . . why the settlement proceeds should be part of the Bankrupt Estate of Benson J. Fischer." Show Cause Order at 2. The Court granted the Show Cause Order on March 7, 2006 and–following briefing on the Show Cause Order–issued a Memorandum Opinion on November 7, 2006 concluding that the Trustee's arguments were thoroughly addressed and disposed of by Bankruptcy Judge Teel's April 11, 2006 Supplemental Decision. *See* Mem. Op., *Atkins v. Fischer*, Civil Action No. 98-800 (D.D.C. Nov. 7, 2006). Nevertheless, the Court provided that:

> In the event that the Trustee continues to believe that the $20,000 currently on deposit in the Court Registry is rightfully considered property of the bankruptcy estate, that issue is properly litigated before the Bankruptcy Court. Therefore, the Court shall allow the Trustee sixty (60) days – until and including January 8, 2007 – in which to raise the issue before the Bankruptcy Court.

*Id.* On January 8, 2007, the Trustee filed such a claim before the Bankruptcy Court and filed notice of his claim with this Court (hereinafter the "Bankruptcy Claim").

The Fischer Organization asserts that five days after the Court's November 7, 2006 Memorandum Opinion, Attorney Schimel "sent correspondence to [the Trustee and his counsel at WTP] requesting that the Trustee abandon [the Bankruptcy Claim], in exchange for which the Debtor would forego a claim for Rule 11 sanctions and interest on the settlement proceeds." Mot. of the Fischer Org., Inc. for Attys Fees and Interest (hereinafter "Mot. for Sanctions") at 6. The Fischer Organization purports to attach a copy of that correspondence to its Motion for Sanctions, however no such document is attached.[3] In contrast, WTP proffers such a letter, dated July 10, 2007, from Attorney Schimel to the Trustee and Gary S. Posner, Esq. of WTP, enclosing

---

[3] In addition, the Court notes that the Trustee did not actually file his Bankruptcy Claim until January 8, 2007, two months after the Court's November 7, 2006 Memorandum Opinion and Attorney Schimel's alleged request that the Trustee abandon the Bankruptcy Claim.

3

a copy of a Motion for Rule 11 Sanctions and advising the Trustee and WTP that they could avoid the filing of the Motion for Rule 11 Sanctions by withdrawing the Bankruptcy Claim. *See* WTP Opp'n, Ex. A (the "Safe Harbor Letter"). WTP asserts that this letter followed upon Attorney Schimel's filing of an objection to the Bankruptcy Claim in the Bankruptcy Court on July 6, 2007. WTP Opp'n at 2-3.

WTP's Opposition further asserts that, following its receipt of the July 10, 2007 Safe Harbor Letter, on August 3, 2007 Attorney Posner sent Attorney Schimel a letter indicating that the Trustee had decided to formally withdraw the Bankruptcy Claim. WTP Opp'n at 3; *id.*, Ex. B. Attorney Posner's August 3, 2007 letter further indicated that he could not be certain that the formal withdrawal would be filed that day, but that Attorney Schimel could rely upon Attorney Posner's letter "as a commitment to that course of action." *Id.* In fact, the Trustee's Withdrawal was filed with the Bankruptcy Court on August 3, 2007. *See* WTP Opp'n, Ex. C. Thereafter, according to WTP, on August 7, 2007, Attorney Schimel filed parallel motions seeking sanctions in this Court and in the Bankruptcy Court. WTP Opp'n at 3. Specifically, in this Court, the Fischer Organization filed its Motion for Sanctions and Motion for Attorneys' Fees. WTP filed its Opposition to those Motions on August 21, 2007; and the Fischer Organization filed its Reply on August 27, 2007. Also on August 7, 2007, the Fischer Organization filed a Motion to Disburse Funds in Court Registry, indicating that the Trustee had withdrawn the Bankruptcy Claim. The Court entered an Order disbursing those funds on October 2, 2007.

## II: LEGAL STANDARD

The Fischer Organization seeks the imposition of attorneys' fees and interest against Attorney Moore and WTP pursuant to 28 U.S.C. § 1927. That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  The purpose of Section 1927 is to allow the Court "to assess attorney's fees against an attorney who frustrates the progress of judicial proceedings." *United States v. Wallace*, 964 F.2d 1214, 1218 (D.C. Cir. 1992).  Before imposing sanctions on an attorney, the court must evaluate whether the attorney's conduct was "*at least* reckless[.]" *Id.* at 1217.  "[U]nintended, inadvertent, and negligent acts will not support an imposition of sanctions under section 1927." *Id.* at 1219 (quoting *Cruz v. Savage*, 896 F.2d 626, 631 (1st Cir. 1990)).

For an action to be considered reckless misconduct, there must be a "'conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.'" *Id.* at 1220 (quoting Restatement (Second) of Torts § 500 cmt. g (1964)).  A showing by the moving party that the counsel in question acted recklessly or deliberately "in the face of a known risk" is required.  *Healey v. Labgold*, 231 F. Supp. 2d 64, 68 (D.D.C. 2002) (citing *Wallace*, 964 F.2d at 1219).  Once the moving party has met its burden, the court may then award sanctions under 28 U.S.C. § 1927.  A variety of courts have noted, however, that "[t]he power to assess costs against an attorney under § 1927 . . . is a power that must strictly be construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (quoting *Keitel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968) and citing *United States v. Ross*, 535 F.2d 346, 349 (6th Cir. 1976)).

### III: DISCUSSION

The Fischer Organization argues that the Court should impose attorneys' fees and interest against Attorney Moore and WTP because "[t]here has never been any basis in law or in fact for the [Bankruptcy Claim]. . . ." Mot. for Sanctions at 6. According to the Fischer Organization, "[b]y filing [the Bankruptcy Claim] without appropriate investigation, counsel for the Trustee 'unreasonably and vexatiously' multiplied the proceedings in this case, violating the rule of 28 U.S.C. § 1927." Id. at 8. The Fischer Organization seeks sanctions in the form of the attorneys' fees incurred by the Fischer Organization in connection with securing the $20,000 payment provided for in the settlement of this case, and pre-judgment interest on the $20,000 from the time of the settlement until the Court's November 7, 2006 Memorandum Opinion. Id. at 8-9. WTP opposes such sanctions, asserting that "the Trustee and its counsel, having not had extensive exposure to the [instant] proceedings notified this Court of its believed claim to the Atkins Litigation Proceeds" and filed the Bankruptcy Claim following the Court's November 7, 2006 Memorandum Opinion, which specifically provided that the Trustee could do so if he considered such action appropriate. WTP Opp'n at 5-6. WTP further argues that the Trustee's Withdrawal of the Bankruptcy Claim complied with the time frame set forth in Attorney Schimel's July 10, 2007 Safe Harbor Lettter. Id. at 9.

The Court agrees with WTP's assessment of the situation at bar. The Fischer Organization suggests that the Trustee's January 8, 2007 filing of the Bankruptcy Claim was meritless from the outset, because the Claim "had been previously been found to be invalid on two separate occasions by two different judges," presumably Bankruptcy Judge Teel and this Court. Fischer Org. Reply at 1. However, as WTP correctly notes, this Court's November 7,

2006 Memorandum Opinion specifically left open the possibility that the Trustee could file a claim for the $20,000 at issue before the Bankruptcy Court if he believed such a course of action appropriate. WTP Opp'n at 7. Although the Court's November 7, 2006 Memorandum Opinion may have suggested that the Bankruptcy Claim was of questionable merit, the Trustee was nevertheless entitled to pursue what he appears to have believed was a potentially valid claim to assets of the Bankruptcy Estate. Moreover, the Court's November 7, 2006 Opinion specifically required the Trustee to pursue such a claim, if at all, on or before January 8, 2007. In light of WTP's assertion that "the Trustee and its counsel [had] not had extensive exposure to the [instant] proceedings" and believed they were pursuing "a potential claim to assets," *id.* at 5, 7, it appears that the Trustee filed the Bankruptcy Claim in order to preserve the option of pursuing the Claim, and then withdrew the Claim upon further assessment.

      The D.C. Circuit has stated that the imposition of sanctions pursuant to 28 U.S.C. § 1927 requires "*at least* reckless" behavior, and that "recklessness is a high threshold," which "requires deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores." *United States v. Wallace*, 964 F.2d at 1217, 1219-20. The Trustee and his counsel's actions in this case simply do not rise to the level required for sanctions under 28 U.S.C. § 1927. Significantly, the Court notes that the Trustee's filing of the Bankruptcy Claim does not appear to have led to additional litigation in either this Court or the Bankruptcy Court, the situation that 28 U.S.C. § 1927 is intended to address. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . ."). Furthermore, WTP advised Attorney Schimel that the Trustee intended to withdraw–and the Trustee actually did withdraw–the Bankruptcy Claim within the window

provided by Attorney Schimel in his July 10, 2007 Safe Harbor Letter. Finally, the Fischer Organization has not presented evidence from which the Court could conclude that "the Trustee, through counsel, injected himself in this litigation when it was on the verge of settlement solely for the purpose of delaying the Debtor's attorney from receiving legal fees from Erie . . . ," Mot. for Sanctions at 7, rather than for the legitimate purpose of pursuing a potential claim to an asset of the Bankruptcy Estate. In short, it does not appear that either Attorney Moore or WTP's actions demonstrated "serious and studied disregard for the orderly process of justice." *United States v. Williams*, 964 F.2d at 1220 (quoting *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). The Court therefore declines to impose attorneys' fees or interest as sanctions upon either Attorney Moore or WTP.

### IV: CONCLUSION

For the foregoing reasons, the Court shall deny the Fischer Organization's [317] Motion for Sanctions and [318] Motion for Attorneys' Fees. An appropriate Order accompanies this Memorandum Opinion.


Date:   October 3, 2007

                                          /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge